CORA BELLE STILLMAN *vs.* DAISY R. S. OPIE, *Ex.*

DECEMBER 5, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto and Baker, JJ.

FLYNN, C. J. This is an action in assumpsit to recover upon a claim filed by the plaintiff against the estate of Frederick S. Opie, late of Westerly, deceased, and disallowed by the defendant as executrix of his will. After a jury in the superior court had rendered a verdict in favor of the plaintiff for $11,080, the trial justice granted the defendant's motion for a new trial. The case is before us upon the plaintiff's

single exception to that ruling, all other exceptions having been expressly waived.

The plaintiff's declaration, in book account and common counts, is based upon an alleged indebtedness of the defendant's testator and his promise to pay to the plaintiff the sum of $10,000 as evidenced by a so-called "order", hereinafter quoted; and a further sum of $1525, being the alleged balance due and unpaid on a promissory note dated December 24, 1926, both of which writings were executed and delivered by the testator to the plaintiff. The defendant filed a plea of the general issue and also a special plea setting forth an alleged release of all claims by the plaintiff against the testator. However, this special plea was apparently abandoned upon appearance of certain evidence during the trial. Frederick S. Opie will be hereinafter referred to as the testator.

The evidence for the plaintiff tended to show substantially the following facts: Plaintiff was inexperienced in business affairs and trusted the testator, who was an experienced and unusually successful businessman and banker. Between the years 1913 and 1919, certain sums of money totaling $2400 were entrusted by plaintiff to testator, on his suggestion, to invest and reinvest for her future protection and benefit. He advised plaintiff from time to time that these investments were showing profits, and on February 4, 1924 he told her that he had $10,000 therefrom that belonged to her. He further stated that it would be inadvisable to turn so much money over to her in cash, and that it would be better for her if he kept it tied up in securities. Accordingly, he personally wrote, signed, and delivered to plaintiff the following document, which the parties have referred to as the "order":

"Feb 4—1924

F. M. Robertson
Cashier
Pawcatuck Bank & Trust Co
Dear Sir
 Please deliver to Mrs. Bell Stillman upon presentation of this order the following Bonds without asking for a receipt

```
4000 Des Moines & Fort Dodge 4
4000 Missouri Pacific 4
2000 St Louis & Sanfrancisco 6
──────
10000
```

this delivery to be fulfilled upon proof to you of my demise

Frederick S. Opie"

The testator, who was vice-president of that bank, cautioned plaintiff to take care of this order since it represented $10,000 of her money and also told her that there was more money to come to her. Plaintiff at all times thereafter had and retained possession of said order.

On December 24, 1926, following conferences and differences between testator and plaintiff over the advisability of investing, in certain real estate, an additional $10,000 which testator said he had made and held for her, he conferred with plaintiff and her attorney at the latter's request. Testator then admitted to plaintiff and her attorney his obligation on the order, dated February 4, 1924, in the sum of $10,000; and also stated that, "in addition" thereto, he was indebted to plaintiff in a further sum of $10,000 which he thought would be better secured if it were invested in the "Higgins house". Plaintiff thought· differently and testator finally agreed to and did execute two promissory notes dated December 24, 1926, each in the sum of $5000. The first was made payable on demand, and the second in five years in installments of $20 weekly. These were delivered to plaintiff's attorney in her presence and testator then demanded and received the return by plaintiff of the eight receipts which he had given her when she had turned over to him the original sums totaling $2400. The testator paid to plaintiff's attorney the first or demand note as follows: $3000 on December 27, 1926 and final payment of $2000 on January 10, 1927, at which time he received the original note.

Between April 11, 1927 and July 15, 1929 testator paid plaintiff's attorney a total of $2680 on account of the installments due on the second note. Between September 28, 1929

and June 14, 1930 testator paid directly to plaintiff on said note sums aggregating $795, making total payments of $3475 and leaving a balance of $1525 due thereon. No other payments on this note were made by the testator to the plaintiff or her attorney, unless, perhaps, an additional $20 which through error may not have appeared in the record of payments kept by the plaintiff. Other evidence, including several documents written and signed by the testator and bearing materially upon the claim and issues, was also introduced.

The defendant, on the other hand, relied upon evidence tending to show that the plaintiff never had surplus money for investment during 1913 and 1919; that the testator was never indebted to the plaintiff in any amount for money delivered by her to him; that the order and the promissory notes were all made without consideration, having been obtained by plaintiff's threats of physical violence against testator and other threats and annoyances which put him in fear of the plaintiff, according to testimony of the testator's associates in his store, and the chief of police of Westerly. Other evidence for defendant tended to support the contention that if the promissory notes had any validity, they were given by the testator to the plaintiff in full satisfaction of the order for $10,000 and not in addition thereto; and that both notes had been fully paid and returned to the testator.

It was further shown that Mr. Robertson, to whom the above order was directed, never had the custody, through any action by the testator, of any bonds answering the description therein; that the bank had ceased operations in 1932 to plaintiff's knowledge; that the testator had never referred, in any of his written documents, to the order for $10,000 but only to the notes; and that he never discussed with or admitted to any of his associates or defendant any obligation to plaintiff on the notes or order.

A great deal of other evidence appeared which perhaps threw some light upon the issues of the case and the conduct of the respective parties but this need not be recited in further detail. Suffice it to say that all the evidence and in-

ferences to be drawn therefrom presented a material conflict and the jury returned a general verdict for the plaintiff and awarded damages in the sum of $11,080. The trial justice, after considering and discussing various phases of the evidence, concluded in his rescript that the verdict was against the weight of the credible evidence and did not truly reflect the merits of the controversy. Accordingly, he granted defendant's motion for a new trial.

The plaintiff contends that the trial justice, in granting this motion, apparently overlooked or misconceived certain material evidence, and that therefore his ruling should not be given the usual weight. This contention is not without some force, although it may be that the trial justice here did not overlook or misconceive such evidence so much as he gave to it a meaning, value and weight different from that attached thereto by the plaintiff. Certainly, plaintiff's contention would be more forceful, in our opinion, if the verdict of the jury, when considered with relation to the issues as presented for determination, were entirely free from confusion and inconsistency. The plaintiff's attempted explanation thereof is very brief and is not satisfactory.

At any rate, we have examined the evidence in the transcript to determine for ourselves whether the verdict was responsive to the true merits of the controversy and to the law as charged by the court. From such examination we find it difficult to say that the granting of a new trial by the trial justice was clearly wrong, although we may not agree fully with all of his reasons therefor.

The jury rendered a general verdict in favor of the plaintiff. No request for any special finding was submitted to them. It is clear from their verdict that they found that the testator was obligated to the plaintiff in the sum of $10,000, as evidenced by the testator's own written order dated February 4, 1924. That sum plus interest from the date of the writ, in accordance with the charge of the court, substantially equals the amount of the verdict, $11,080. As this part

of plaintiff's claim was indivisible, the verdict is not reasonably open to any other explanation.

However, notwithstanding their general verdict that the testator had promised in manner and form as alleged in the declaration, the jury failed to include any award whatever for the balance due on the second promissory note. Assuming, as appears from such verdict, that they had found sufficient consideration for these transactions, they would be bound to include in their award the balance due on the second note, unless such note was paid. But in our opinion the weight of the evidence in the transcript was clearly against any conclusion that this balance was paid. Hence, the verdict to be consistent should have included the amount due on the note; and this would be so whether the jury found that the notes were given in addition to the previous $10,000 order, as plaintiff contends, or in satisfaction of that order, as defendant contends. To that extent, therefore, the final award was not responsive to the evidence and was inconsistent with their general verdict.

Since plaintiff's claim, as alleged, stems from the same original transactions and yet presents two different major issues, it is difficult for us to separate them and reconcile the amount of the final award with the general verdict. It is not the usual case where a verdict is excessive or insufficient and can be readily adjusted.

. For the reasons stated, we are of the opinion that the case should be presented to another jury to determine definitely whether the promissory notes were given in addition to, or in satisfaction of, the alleged original indebtedness of $10,000, as evidenced by the order of February 4, 1924; also, what balance, if any, was due on the second promissory note; and then to make the amount of the verdict consistent with such findings.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for a new trial.

*Clarence E. Roche,* for plaintiff.

*John Ferguson, Jr., Henry M. Boss,* for defendant.